Setiawan **LAKSONO**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–72306.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Attorney at Law, Seattle, WA, for Petitioner.

Setiawan Laksono, Everett, WA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Joshua Waldman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Setiawan Laksono, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

■ Under 8 U.S.C. § 1158(a)(3) we lack jurisdiction to review the BIA's conclusion that Laksono failed to file his asylum application within one year of his arrival in the United States. *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). We also lack jurisdiction to review the BIA's determination that "changed circumstances" in Indonesia did not toll the relevant time period. *See id.; Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir. 2002). Accordingly, we dismiss Laksono's petition for review with respect to his asylum claim. *See Hakeem,* 273 F.3d at 815.

The BIA incorporated the IJ's reasons for denying withholding of removal and CAT relief. We therefore review for substantial evidence the IJ's decision. *Hakeem,* 273 F.3d at 816. We have jurisdiction under 8 U.S.C. § 1252.

■ Laksono did not establish that there exists a "pattern or practice" of persecution in Indonesia, such that he could be eligible for withholding of removal absent a showing that he himself is being targeted for persecution. *See* 8 C.F.R. § 1208.16(b)(2)(i)-(ii); *Mgoian v. INS,* 184 F.3d 1029, 1035 n. 4 (9th Cir.1999). Despite evidence that Chinese Christians are a disfavored minority in Indonesia and that Laksono was harassed while residing there, substantial evidence supports the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

IJ's determination that Laksono failed to establish that it is more likely than not he will be subject to future persecution upon return to Indonesia, particularly given that his family members, who are also Chinese Christians, continue to reside in Indonesia without harm. *See Hakeem,* 273 F.3d at 816–817; *Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996). Substantial evidence also supports the IJ's conclusion that Laksono is not entitled to CAT relief. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1188 (9th Cir. 2003) (explaining that for CAT relief the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.").

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Laksono's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**